UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No. 02 CR 1216-1<br>RAQUEL HICKMAN, )<br>) Judge John W. Darrah<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Raquel Hickman's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 750, filed on November 8, 2011. The Government filed a response, and Hickman did not file a reply.

## BACKGROUND

On December 9, 2003, pursuant to a written plea agreement, Hickman pled guilty to one count of knowingly and intentionally distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). On April 18, 2005, Hickman was sentenced by this Court to a term of 188 months' imprisonment. In her plea agreement, Hickman stipulated to manufacturing and distributing approximately 52.5 grams of crack cocaine. Pursuant to the then-applicable version of United States Sentencing Guideline ("USSG") § 2D1.1(a)(3), the parties agreed that the base offense level was 32 because the offense and relevant conduct involved at least 50 grams but less than 150 grams of cocaine.

The parties further agreed that Hickman was a career offender pursuant to § 4B1.1 because the offense to which Hickman pled guilty was a controlled substance under

§ 4B1.1 and Hickman had two prior convictions for controlled substance offenses. Therefore, Hickman's base offense level was increased to 34. Hickman also received a three-level reduction, pursuant to § 3E1.1(a) and § 3E1.1(b), for acceptance of responsibility. Based on her criminal history, Hickman received a criminal history category of VI. With a combined offense level of 31 and Criminal History Category VI, Hickman's Guideline range was 188 to 235 months' imprisonment. Hickman was sentenced to a term of imprisonment of 188 months and now seeks a reduction to a term of 130 to 162 months' imprisonment.

## ANALYSIS

The Fair Sentencing Act of 2010 ("the Act") reduced the disparity between sentences related to cocaine and sentences related to crack. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Act reduced the statutory penalties for crack offenses and contained directives requiring the Sentencing Commission to amend the Guidelines. *Id.* at 2372-75. Amendment 748 to the Sentencing Guidelines, which was made effective on November 1, 2010, amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. *See* USSG, App. C, Vol. III at 374-81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Sentencing Guidelines. *See* 76 Fed. Reg. 41332-35 (July 13, 2011). Amendment 750 went into effect on November 1, 2011. *Id.* at 41332. Amendment 750 retroactively alters the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines.

Hickman seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. In relevant part, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Importantly, § 1B 1.10(a)(2)(B) provides that "[a] reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

In this case, Hickman is "ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's amendments to the crack-cocaine guidelines." *U.S. v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (*Griffin*). As was the defendant in *Griffin*, Hickman was sentenced under the *career-offender provision* pursuant to § 4B1.1. This enhancement was unaffected by Amendment 750. As the Court of Appeals explained in *Griffin*: "Because the amendments leave the career-offender guideline unchanged and [defendant's] offense level . . . and criminal-history category of VI were based on that guideline, *see* U.S.S.G. § 4B1.1(b), the amendments do not affect [defendant's] applicable guidelines range of 360 months to life."[1] *Id.*

Accordingly, Hickman was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and she is not eligible for a reduction under § 3582(c)(2). *See United States v. Forman*, 553

---

[1] Under the Drug Quantity Table altered by Amendment 750, Hickman's base offense level is 26, which is the base level that corresponds to at least 28 grams but less than 112 grams of crack. *See* USSG § 2D1.1(c). However, in this case, Hickman's base offense level is increased to 34, pursuant to § 4B1.1, because she is a career-offender. With a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and § 3E(b)(1), Hickman's total offense level remains unchanged at 31. Accordingly, with a criminal history category of VI, Hickman's Guideline range remains unchanged at 188 to 235 months' imprisonment.

F.3d 585, 590 (7th Cir. 2009) (holding that because the defendant's guideline range remained the same after a retroactive guidelines amendment due to his career-offender status, the amendment did not "have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline") (quoting USSG § 1B1.10 cmt. n. 1(A)).

## CONCLUSION

For the reasons set forth above, Hickman's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [73] is denied.

Date: February 16, 2012

JOHN W. DARRAH
United States District Court Judge